JAMES BEAHAN *vs.* RICHARD STAPLETON.

A deeu described the land conveyed as "laid out into building lots, and described on a plan, recorded," &c. "and numbered lots 12, 14, 16," &c., and as bounded "westerly by lot 10, or my own land by.the middle of the brook between lots 10 and 12." The grantee on the same day made a mortgage back to the grantor of land bounded "westerly by the brook, and is the same land this day conveyed to me by said" grantor. The brook ran through lot 12 from north to south. *Held*, that the deed conveyed the land as far as the brook only.

ACTION OF TORT for breaking and entering the plaintiff's close, and removing a fence. Answer, soil and freehold in the defendant. The parties submitted the case upon the following statement of facts:

" On the first day of May 1848, George Stebbins was the owner of the several lots of land in Springfield, bounded northerly by land of Walter Stebbins, easterly by Chestnut Street, southerly by Essex Street, and westerly by lot No. 8, belonging to Jerry Whalen. The said lots had then been laid out and described on a plan recorded in the Hampden County Registry of Deeds, and numbered lots 10, 12, 14, 16, &c., a copy of which plan is hereunto annexed and made part of this case," and so much of which as is important to the understanding of the case is copied in the margin.*

" On said first day of May 1858, Stebbins conveyed to Rufus Dane, ' a tract of land bounded southerly by Essex Street, easterly by Chestnut Street, northerly by land of Walter Stebbins, westerly by lot No. 10, or my own land by the middle of

Walter Stebbins.

| 8 | 10 | *Brook.* | 12 | 14 | 16 | 18 |

Essex Street.

the brook between lots Nos. 10 and 12 ; the above piece of land being laid out into building lots, and described on a plan, recorded,' as aforesaid, ' and numbered lots 12, 14, 16,' &c. Said Dane, on the 23d of March 1849, executed a deed to the defendant of the whole of the lot numbered 12 on said plan.

" On the sixth of May 1848, Stebbins conveyed to E. M. Skinner ' a certain tract or parcel of land on the northerly side of Essex Street, bounded westerly by lot No. 8, sold to Jerry Whalen, and easterly by the middle of the brook by land sold to Rufus Dane, being lot No. 10 and part of lot No. 12, as marked on my plan.' And Skinner conveyed the lot last above described to Nelson Sherburn, who conveyed the same to the plaintiff.

" All the deeds and conveyances above mentioned were duly recorded in the registry of deeds for said county, in the order in which they were made.

" The fence mentioned in the declaration, removed by the defendant, was erected by the plaintiff a short time before the commencement of this suit, and stood on the centre of the said brook, according to its course at the time said deeds were made, and within the limits of lot No. 12, as indicated on said plan.

" Should the court be of opinion that the division line of the said parties between their said lots is the centre of the brook above named, according to its course on or about the 1st of May 1848, judgment shall be entered for the plaintiff in the sum of one dollar ; otherwise, the plaintiff shall become nonsuit."

Upon the production, at the argument, of the book of deeds recorded in the registry, it appeared that on said 1st of May 1848 Dane made a mortgage back to Stebbins, (which was duly recorded,) with this description : " A tract of land situate in Springfield, and bounded southerly by Cedar Street, easterly by Chestnut Street, northerly by land of Walter Stebbins, and westerly by the brook, and is the same land this day conveyed to me by said Stebbins." At the suggestion of the court this mortgage was made a part of the statement of facts.

*J. M. Stebbins,* for the plaintiff.

*E. W. Bond,* for the defendant.

DEWEY, J.   The question raised here is as to the proper construction of the boundaries in the deed from George Stebbins to Rufus Dane.   As to one of those boundaries, the deed wants precision and certainty.   There is obviously a misrecital.   All the descriptions cannot stand, and one of them must be rejected as a false demonstration.   The boundary " by the middle of the brook " is a more controlling one in its general character, and must necessarily have peculiar prominence, in fixing the meaning of the parties as to the western boundary of the lot conveyed.

But the case does not turn upon this fact alone, the construction giving effect to the recital of the brook, as the intended controlling monument, being much strengthened by recurring to another instrument executed on the same day by the parties, and as a part of the same transaction.   In the mortgage given by Dane to Stebbins to secure the purchase money, and executed at the same time, after giving the other boundaries as in the deed from Stebbins to Dane, the western boundary is thus described, " westerly by the brook, and is the same land this day conveyed to me by said Stebbins."   This latter deed is clear and explicit, in giving the brook as the western boundary.   It also declares that the land thus described in the mortgage deed is the same land this day conveyed to Dane by Stebbins.   It is an acknowledgment in terms by Dane that the land conveyed to him by Stebbins was bounded westerly by the brook.

*Judgment for the plaintiff.*